# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOSINNIE JOHNSON**  **PLAINTIFF**
**ADC #160272**

V.                     NO. 4:24-cv-1016-DPM-ERE

**KENTARIOUS TATE and**
**ISAAC WADE**                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

*Pro se* plaintiff Josinnie Johnson, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Docs. 1, 3,*

*10*. Mr. Johnson is currently proceeding on excessive force claims against Defendants Kentarious Tate and Isaac Wade.[1]

Defendants have filed a motion for summary judgment, brief in support, and statement of facts, arguing that Mr. Johnson failed to exhaust his administrative remedies as to his pending claims before filing this lawsuit. *Docs. 20, 21, 22.* Mr. Johnson has not responded to Defendants' motion and the time to do so has passed. *Doc. 23*. The motion is now ripe for review.

For the reasons stated below, I recommend granting Defendants' motion for summary judgment.

### III.   Discussion:

#### A.   The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means

---

[1] The Court previously dismissed Mr. Johnson's claims against Defendants Arkansas Department of Correction, State of Arkansas, Sergeant Hull, Sergeant/Corporal Wallace, Sergeant/Corporal Kilgore, Sergeant/Corporal Q. Baker, Corporal Lloyd, Sergeant Garcia, Corporal Webb, Nurse Shamarian Perry, Sergeant Burnice, and Lieutenant Franklin. *Docs. 11, 18*.

using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). To resolve the exhaustion question, the Court must determine: (1) what administrative remedies the ADC made available to inmates to bring and resolve claims; and (2) whether Mr. Johnson complied with available administrative remedies.

B.   **The ADC Grievance Procedure**

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 20-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising the claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the

3

Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 13*.

To complete the exhaustion process before bringing this lawsuit, Mr. Johnson was required to present his claim against all Defendants in a timely filed grievance and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

C. **Mr. Johnson's Grievance History**

Defendants submit the declaration of ADC Assistant Inmate Grievance Coordinator Lakesha Lee in support of their motion. *Doc. 20-1*. Ms. Lee states that she reviewed Mr. Johnson's grievance history and determined that Mr. Johnson failed to file any grievances related to his pending claims. *Doc. 20-1 at 7*. In fact, there is no record of Mr. Johnson ever filing a formal grievance. *Id.*; *Doc. 20-3*. Ms. Lee's testimony is undisputed.

4

On this record, there is no genuine issue of material fact on the threshold question of whether Mr. Johnson fully exhausted his pending claims by asserting them in the ADC's grievance process and fully exhausting all available remedies against Defendants Tate and Wade before bringing this lawsuit. As a result, Defendants are entitled to judgment as a matter of law.

IV.   **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion for summary judgment (*Doc. 20*) be GRANTED.

2.   Mr. Johnson's claims be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

3.   The Clerk be instructed to close this case.

DATED 21 July 2025.

_____
UNITED STATES MAGISTRATE JUDGE